UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOARD OF ADMINISTRATION OF
GRAPHIC COMMUNICATIONS UNION,
LOCAL 2-C, RETIREMENT BENEFIT
PLAN, *ET AL.,*

    PLAINTIFFS,

v.                                              CASE NO. 06-11758

HEITMAN-GARAND COMPANY,        HONORABLE SEAN F. COX

    DEFENDANT.
_____/

## OPINION & ORDER
## GRANTING MOTION FOR DEFAULT JUDGMENT

    This ERISA action, in which the Plaintiff Trust Funds seek recovery of delinquent fringe benefits owed by Defendant Heitman-Garand Co. ("Defendant"), is currently before the Court on Plaintiffs' Motion for Default Judgment. The Court held a hearing on February 20, 2007, after which Plaintiffs submitted further materials in support of their motion. For the reasons below, the Court shall GRANT Plaintiffs' motion.

### BACKGROUND

    Plaintiffs filed their complaint on April 12, 2006. Count I of Plaintiffs' complaint asserts that pursuant to a written agreement, Defendant is "obligated to make monthly payments to Plaintiff Health Insurance Board" and that "[a]s of February 28, 2006 there was an estimated principal balance justly due and owing to the Plaintiff Health Insurance Board of at least $900.00." (Compl. at ¶¶ 6-7). Count I further asserts that Defendant has certain books and records need to verify the amount owed and that the amount owed continues to increase for each

1

month during which Defendant fails to pay its obligations.  (*Id*. at 8-9).  Plaintiffs seek the following relief with respect to Count I: 1) judgment against Defendant "in the amount set forth above, or any other amount that is determined to be the correct amount owing by Defendant for the full period of its delinquency to said Plaintiff, plus interest and liquidated damages for each delinquent monthly contribution, plus costs and attorneys' fees incurred by said Plaintiff in the preparation, institution and prosecution of this proceeding;" 2) a decree of "specific performance of the trust obligations and collective bargaining agreement obligations of Defendant;" and 3) an order requiring Defendant to produce its books and records for examination by Plaintiff.  (Compl. at 4-5).

Count II of Plaintiffs' complaint asserts that pursuant to another written agreement, Defendant is obligated to make monthly payments to Plaintiff Retirement Benefit Board.  (Compl. at ¶ 13).  It further alleges that "[a]s of February 28, 2006, there was an estimated principal balance justly due and owing to the Plaintiff Retirement Benefit Board of at least $2,200.00."  Count II also asserts that Defendant has certain books and records needed to verify the exact amount owed, and that the sums owed "continue to increase for each month that members of Local 2/289 perform work for Defendant and Defendant fails to pay its obligations."  (Compl. at ¶¶ 15-16).  Plaintiffs seek the following relief with respect to Count II:  1) judgment against Defendant "in the amount set forth above, or any other amount that is determined to be the correct amount owing by Defendant for the full period of its delinquency to said Plaintiff, plus interest and liquidated damages for each delinquent monthly contribution, plus costs and attorneys' fees incurred by Plaintiff in the preparation, institution and prosecution of this proceeding;" 2) a decree of "specific performance of the trust obligations and collective

bargaining agreement obligations of Defendant;" and 3) an order requiring Defendant to produce its books and records for examination by Plaintiff.

On April 27, 2006, a "Waiver of Service of Summons," was executed by Warren Heitman as President of Defendant. In that Waiver, Defendant acknowledged receipt of a copy of the complaint in this action and stated that it understood that a judgment may be entered against it if an answer or motion under FED. R. CIV. P. 12 is not served upon Plaintiff within 60 days after April 13, 2006.

The Waiver was filed with the Court on July 20, 2006. On that same date, Plaintiff requested a Clerk's Entry of Default because Defendant had not yet filed an answer or otherwise appeared in this action. A Clerk's Entry of Default was entered on July 20, 2006.

On September 18, 2006, Plaintiffs filed a "Request For A Clerk's Entry Of Judgment By Default Against Defendant Heitman-Garand Company." In that Request, Plaintiffs state that as of September 1, 2006, Defendant owed: 1) Plaintiff Board of Administration of the Graphic Communications Union Local 2-C Retirement Benefit Plan "$4,348.16 plus interest, attorneys fees, and liquidated damages," 2) Plaintiff Board of Administration of the Graphic Communications Union Local 2-C Retirees' Health Insurance Plan $1,874.80 plus interest, attorneys fees, and liquidated damages." Plaintiffs further stated that "all sums owed can be readily computed to a sum certain, but continue to accrue on a monthly basis."

In response, the Clerk's Office issued a "Clerk's Entry of Judgment by Default" on September 20, 2006, stating, in pertinent part, that: "JUDGMENT BY DEFAULT is hereby entered in favor of the Plaintiff Board of Administration of the Graphic Communications Union Local 2-C Retiree's Health Insurance Plan and against the Defendant, in the amount of $1,874.80

plus additional contributions, interest, attorneys fees, costs, and liquidated damages."

On January 16, 2007, this Court issued an "Order Striking 'Clerk's Entry of Judgment By Default' [Docket Entry No. 8] And Noticing Hearing On Plaintiffs' Request For Entry Of Default Judgment."  That Order explained that FED. R. CIV. P. 55(b) provides that when a plaintiff's claim against a defendant is for a sum certain or an amount by which computation can be made certain, upon request of the plaintiff, the clerk shall enter judgment.  Although Plaintiffs' Request for A Clerk's Entry of Judgment did not request a sum certain, or an amount by which computation can be made certain, on September 20, 2006, the Court Clerk entered a default judgment.  This Court therefore ordered the Clerk's Entry of Judgment by Default stricken and set Plaintiffs' motion for hearing on February 20, 2007.

Defendant did not file any response to Plaintiffs' motion and did not appear at the February 20, 2007 hearing.  Following the hearing, on March 15, 2007, Plaintiffs' counsel submitted additional materials in support of their motion, as directed by the Court.

## ANALYSIS

Rule 54 of the Federal Rules of Civil Procedure provides that a "judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."  FED. R. CIV. P. 54(c).  With respect to each of the two counts, Plaintiffs' complaint contains the following relief:  1) judgment against Defendant in the amount set forth in that count ($900 in Count I, $2,200 in Count II) "or any other amount that is determined to be the correct amount owing by Defendant for the full period of its delinquency to said Plaintiff, plus interest and liquidated damages for each delinquent monthly contribution, plus costs and attorneys' fees incurred by Plaintiff in the preparation, institution and prosecution of this

4

proceeding;" 2) a decree of specific performance of certain obligations, and 3) an order requiring Defendant to produce its books and records for examination.

In seeking a default judgment, Plaintiffs have not requested a decree of specific performance or an order requiring Defendant to produce its books and records. Plaintiffs only seek monetary damages, representing unpaid contributions, interest, costs and attorney's fees, and liquidated damages. Thus, Plaintiffs are not requesting any relief not sought in the complaint.

In support of their request for a default judgment, Plaintiffs have submitted the affidavit of Steven Nobles, who states that as of March 5, 2007, Defendant owes Plaintiff Board of Administration of the Graphic Communications Union Local 2-C Retirement Benefit Plan the following amounts: 1) $3,439.88 in unpaid contributions, 2) interest of $627.50, 3) attorney fees of $510.00; 4) costs of $225.00; and 5) liquidated damages of $627.50. He further states that as of March 5, 2007, Defendant owes Plaintiff Board of Administration of the Graphic Communications Union Local 2-C Retirees' Health Insurance Plan the following amounts: 1) unpaid contributions of $1,514.95, 2) interest of $270.00, 3) attorney fees of $510.00, 4) costs of $225.00 and 5) liquidated damages of $270.00.

The Court concludes that a full award of the requested amounts is appropriate.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Plaintiffs' Motion for Default Judgment is hereby **GRANTED.** An appropriate Default Judgment shall issue forthwith.

**IT IS SO ORDERED.**

                S/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated:  March 22, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 22, 2007, by electronic and/or ordinary mail.

                S/Jennifer Hernandez
                Case Manager